IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SHERYL A. PHILLIPS**<br>        **Plaintiff,**<br>v.<br>**SOUTH HOLLAND SCHOOL DISTRICT #150**<br>        **Defendant.** | Case No. 08 CV 4140<br><br>Honorable Judge Gottschall<br>Judge Presiding<br><br>Magistrate Judge Valdez |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE *INSTANTER*
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, SHERYL A. PHILLIPS, by and through her counsel, LISA KANE & ASSOCIATES, P.C., respectfully requests this Honorable Court to grant her leave to file *instanter* Plaintiff's First Amended Complaint, attached hereto as Exhibit A, under Rule 15(a) of the Federal Rules of Civil Procedure, and in support thereof states as follows:

1.      On July 22, 2008, Plaintiff filed her Complaint in this matter, alleging that she was subjected to racial retaliation under 42 U.S.C. § 1981.

2.      Prior to filing suit in this matter, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 11, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on this charge on August 8, 2008, which Plaintiff received on August 20, 2008.

3.      Based on the issuance of the Notice of Right to Sue, Plaintiff now seeks to file the attached First Amended Complaint *instanter*, which incorporates the Notice of Right to Sue and presents one claim of retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. in addition to the § 1981 claim.

WHEREFORE, Plaintiff requests that this Court grant her leave to file *instanter* her First

Amended Complaint, attached hereto, pursuant to Rule 15(a), or for such other relief that the Court deems necessary and proper in the public interest.

                                            Respectfully submitted,
                                            SHERYL A. PHILLIPS, Plaintiff

                                By     s/Lisa Kane
                                         Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERYL A. PHILLIPS<br><br>      Plaintiff,<br><br> v.<br><br>SOUTH HOLLAND SCHOOL DISTRICT #150<br><br><br>      Defendant. | Case No. 08 CV 4140<br><br>Honorable Judge Gottschall<br>Judge Presiding<br><br>Magistrate Judge Valdez<br><br><u>Jury Trial Requested</u> |

<u>**COMPLAINT**</u>

NOW COMES Plaintiff, SHERYL A. PHILLIPS, by her counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, SOUTH HOLLAND SCHOOL DISTRICT #150, states as follows:

**PRELIMINARY STATEMENT**

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981 and Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e <u>et seq</u>. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 2000e <u>et seq</u>. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4.  Plaintiff, SHERYL A. PHILLIPS, is an African American citizen of the United States who resides in Illinois.

5.  Defendant, SOUTH HOLLAND SCHOOL DISTRICT #150, is a municipal corporation incorporated under the laws of the State of Illinois, and presently is comprised of Greenwood Elementary School, McKinley Elementary School, and McKinley Junior High School.

**PROCEDURE**

6.  Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on July 11, 2008. On August 8, 2008, the U.S. Department of Justice, Civil Rights Division, issued Plaintiff a Notice of Right to Sue, which Plaintiff received on August 20, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**COUNT I – 42 U.S.C. § 1981- RETALIATION**

7.  Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.  Plaintiff began her contractual relationship with Defendant on August 1, 2007 as the Assistant Principal for South Holland School District #150.

9.  Throughout Plaintiff's employment, her performance met the reasonable expectations of Defendant, as indicated by the positive feedback from her subordinates and parents, and her willingness to begin working for Defendant months before her contractual start date, without pay.

10. From the inception of Plaintiff's employment with Defendant in June 2007, Plaintiff was given direction by her supervisor, Principal Michelle Coleman, to create a hostile work

environment for Caucasian employees at Defendant, and was repeatedly informed by Coleman that "you have to be on the same page as me."

11. Beginning in June 2007, Plaintiff made repeated complaints to Coleman about her instructions to create a hostile work environment for Caucasian teachers, and these complaints constitute protected activity under 42 U.S.C. §1981. Nevertheless, Coleman's instructions for Plaintiff to create a hostile work environment continued, and after Plaintiff's initial complaint, Coleman began to adversely affect the terms and conditions of Plaintiff's employment.

12. Plaintiff continued to provide guidance, instruction, and complements to Caucasian teachers at Defendant in the same manner she would for any other teacher at Defendant, in direct opposition to the instruction provided to her by Coleman to create a hostile work environment for Caucasian teachers. In actively refusing to participate in the hostile work environment, Plaintiff engaged in protected activity under 42 U.S.C. §1981.

13. In September 2007, Plaintiff complained to Defendant's Superintendent, Dr. Jerry Jordan about Coleman's instruction and about the different treatment she was expected to afford Defendant's Caucasian teachers, and these complaints constitute protected activity under 42 U.S.C. §1981. On information and belief, Jordan never took any action to address Plaintiff's complaints.

14. Beginning in July 2007, Coleman began giving Plaintiff direction to treat Caucasian teachers less favorably than other teachers by restricting her ability to communicate expectations to Caucasian teachers. As a result of this, Coleman began a campaign of retaliation against Plaintiff. Examples of this campaign of retaliation by Coleman include, but are not limited to:

    a.    Coleman admonishing Plaintiff for her refusal to write up or taking punitive actions against Caucasian teachers;

    b.    Coleman reprimanding Plaintiff for giving directions to Caucasian teachers without

        Coleman's prior approval, causing Plaintiff to lose her ability to communicate with teachers in writing;

c.   In an July 2007 meeting amongst Defendant's team leaders, Plaintiff sat next to Coleman and was put on the agenda to speak. One of the purposes of the meeting was to introduce Plaintiff to Defendant's team leaders. When Plaintiff briefly left the table, Coleman moved to the other side of the table, stating that "there was no need for us to sit together." Plaintiff was only allowed to speak after a teacher noticed at the end of the meeting that Plaintiff was on the agenda, but had not yet spoken;

d.   Undermining Plaintiff in front of her subordinate, students and parents in a manner not afforded to individuals who did not engage in protected activity under 42 U.S.C. §1981;

e.   Constantly changing Plaintiff's job description so that she was never aware of the expectations for her position, and directing Plaintiff to write performance evaluations for individuals that Plaintiff had no responsibility for supervising, such as Terry Chelgren, who is Caucasian;

f.   In September 2007, Coleman refused to allow Plaintiff to return to work after falling on the job, requiring Plaintiff to get a doctor's note and authorization from Superintendent Jordan.

15.   In January 2008, Plaintiff complained to School Board Member Sharon Nunnally about the escalating harassment against her and the "divisive treatment" between Plaintiff's Caucasian and African American staff, and these complaints constitute protected activity under 42 U.S.C. §1981. After Plaintiff complained to Nunnally, Nunnally instructed Plaintiff to write a letter so that her concerns may be placed on the school board agenda. After writing this letter, Plaintiff

attended a school board meeting where her concerns were to be discussed. After waiting for hours outside the meeting, Jordan informed Plaintiff that "they would not see her" that night.

16. In opposing the hostile work environment against Caucasians made unlawful by 42 U.S.C. §1981, Plaintiff engaged in protected activity under 42 U.S.C. §1981.

17. After Coleman became aware that Plaintiff would not participate in the hostile work environment at Defendant, Coleman directly admonished Plaintiff for failing to create a hostile work environment for Caucasians.

18. Due to Plaintiff's refusal to create a hostile work environment for Defendant's Caucasian employees, Coleman began to manufacture a litany of performance deficiencies in order to set the stage for the termination of Plaintiff's employment. Coleman's fabricated negative performance assessments of Plaintiff culminated in a March 4, 2008 performance evaluation where Coleman recommended the non-renewal of Plaintiff's employment for the 2008 - 2009 school year. Plaintiff signed this performance evaluation "under duress."

19. On March 18, 2008, Plaintiff was formally notified that her employment with Defendant would not be renewed for the 2008 - 2009 school year.

20. After Defendant's staff became aware that Plaintiff's employment would be terminated at the end of the 2007 - 2008 school year, numerous Caucasian staff and teachers at Defendant, such as Jennifer Stofko, commented to Plaintiff that they felt more comfortable around Plaintiff than around any other administrator because Plaintiff was one of the only members of administration that did not make decisions based on race.

21. On information and belief, similarly situated employees who did not engage in protected activity under 42 U.S.C. § 1981 by opposing the creation of a hostile work environment for Defendant's Caucasian employees were not subjected to the adverse actions directed against

Plaintiff.

22. An individual that Coleman repeatedly stated was "on the same page as me," Dean Joseph Ingram, who Plaintiff witnessed making racist comments against Caucasian employees at a staff meeting where Coleman was present in April 2008, is assuming many of Plaintiff's responsibilities in terms of employee evaluations for the 2008 - 2009 school year

23. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliation against Plaintiff.

24. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on her opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of 42 U.S.C. § 1981.

25. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and severe physical and emotional harm, requiring hospitalization.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHERYL A. PHILLIPS prays for judgment against Defendant and respectfully request that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

    C.      Order Defendant to make whole SHERYL A. PHILLIPS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

    D.      Order Defendant to pay lost, foregone, and future wages to SHERYL A. PHILLIPS;

    E.      Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

    F.      Grant Plaintiff her attorney fees, costs, disbursements; and

    G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – TITLE VII- RETALIATION

26. Paragraphs one (1) through ten (10) are incorporated by reference as if fully set out herein.

27. Beginning in June 2007, Plaintiff made repeated complaints to Coleman about her instructions to create a hostile work environment for Caucasian teachers, and these complaints constitute protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Nevertheless, Coleman's instructions for Plaintiff to create a hostile work environment continued, and after Plaintiff's initial complaint, Coleman began to adversely affect the terms and conditions of Plaintiff's employment.

28. Plaintiff continued to provide guidance, instruction, and complements to Caucasian teachers at Defendant in the same manner she would for any other teacher at Defendant, in direct opposition to the instruction provided to her by Coleman to create a hostile work environment for Caucasian teachers. In actively refusing to participate in the hostile work environment, Plaintiff engaged in protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

29. In September 2007, Plaintiff complained to Defendant's Superintendent, Dr. Jerry Jordan about Coleman's instruction and about the different treatment she was expected to afford Defendant's Caucasian teachers, and these complaints constitute protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. On information and belief, Jordan never took any action to address Plaintiff's complaints.

30. Beginning in July 2007, Coleman began giving Plaintiff direction to treat Caucasian teachers less favorably than other teachers by restricting her ability to communicate expectations to Caucasian teachers. As a result of this, Coleman began a campaign of retaliation against Plaintiff. Examples of this campaign of retaliation by Coleman include, but are not limited to:

   a. Coleman admonishing Plaintiff for her refusal to write up or taking punitive actions against Caucasian teachers;

   b. Coleman reprimanding Plaintiff for giving directions to Caucasian teachers without Coleman's prior approval, causing Plaintiff to lose her ability to communicate with teachers in writing;

   c. In an July 2007 meeting amongst Defendant's team leaders, Plaintiff sat next to Coleman and was put on the agenda to speak. One of the purposes of the meeting was to introduce Plaintiff to Defendant's team leaders. When Plaintiff briefly left the table, Coleman moved to the other side of the table, stating that "there was no need for us to sit together." Plaintiff was only allowed to speak after a teacher noticed at the end of the meeting that Plaintiff was on the agenda, but had not yet spoken;

   d. Undermining Plaintiff in front of her subordinate, students and parents in a manner not afforded to individuals who did not engage in protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.;

    e.      Constantly changing Plaintiff's job description so that she was never aware of the expectations for her position, and directing Plaintiff to write performance evaluations for individuals that Plaintiff had no responsibility for supervising, such as Terry Chelgren, who is Caucasian;

    f.      In September 2007, Coleman refused to allow Plaintiff to return to work after falling on the job, requiring Plaintiff to get a doctor's note and authorization from Superintendent Jordan.

31.    In January 2008, Plaintiff complained to School Board Member Sharon Nunnally about the escalating harassment against her and the "divisive treatment" between Plaintiff's Caucasian and African American staff, and these complaints constitute protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. After Plaintiff complained to Nunnally, Nunnally instructed Plaintiff to write a letter so that her concerns may be placed on the school board agenda. After writing this letter, Plaintiff attended a school board meeting where her concerns were to be discussed. After waiting for hours outside the meeting, Jordan informed Plaintiff that "they would not see her" that night.

32.    In opposing the hostile work environment against Caucasians made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., Plaintiff engaged in protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

33.    After Coleman became aware that Plaintiff would not participate in the hostile work environment at Defendant, Coleman directly admonished Plaintiff for failing to create a hostile work environment for Caucasians.

34.    Due to Plaintiff's refusal to create a hostile work environment for Defendant's

Caucasian employees, Coleman began to manufacture a litany of performance deficiencies in order to set the stage for the termination of Plaintiff's employment. Coleman's fabricated negative performance assessments of Plaintiff culminated in a March 4, 2008 performance evaluation where Coleman recommended the non-renewal of Plaintiff's employment for the 2008 - 2009 school year. Plaintiff signed this performance evaluation "under duress."

35.     On March 18, 2008, Plaintiff was formally notified that her employment with Defendant would not be renewed for the 2008 - 2009 school year.

36.     After Defendant's staff became aware that Plaintiff's employment would be terminated at the end of the 2007 - 2008 school year, numerous Caucasian staff and teachers at Defendant, such as Jennifer Stofko, commented to Plaintiff that they felt more comfortable around Plaintiff than around any other administrator because Plaintiff was one of the only members of administration that did not make decisions based on race.

37.     On information and belief, similarly situated employees who did not engage in protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., by opposing the creation of a hostile work environment for Defendant's Caucasian employees were not subjected to the adverse actions directed against Plaintiff.

38.     An individual that Coleman repeatedly stated was "on the same page as me," Dean Joseph Ingram, who Plaintiff witnessed making racist comments against Caucasian employees at a staff meeting where Coleman was present in April 2008, is assuming many of Plaintiff's responsibilities in terms of employee evaluations for the 2008 - 2009 school year

39.     Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliation against Plaintiff.

40.     The aforementioned acts and omissions of Defendant constitute retaliation against

Plaintiff based on his opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

41.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SHERYL A. PHILLIPS prays for judgment against Defendant and respectfully request that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole SHERYL A. PHILLIPS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to SHERYL A. PHILLIPS;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

F. Grant Plaintiff her attorney fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the

public interest.

## **JURY TRIAL DEMAND**

42. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

                Respectfully submitted,
                SHERYL A. PHILLIPS

        By:  s/Lisa Kane
                  Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

CERTIFIED MAIL
5055 0349

August 8, 2008

Ms. Sheryl A. Phillips
c/o Lisa Kane, Esquire
Lisa Kane & Associates, P.C.
Attorneys at Law
120 South LaSalle St., Ste.1420
Chicago, IL  60603

Re: EEOC Charge Against South Holland School District #150
    No. 440200806921

Dear Ms. Phillips:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                 Sincerely,

                                 Grace Chung Becker
                                 Acting Assistant Attorney General
                                 Civil Rights Division

                             by  [signature]
                                 Karen L. Ferguson
                                 Supervisory Civil Rights Analyst
                                 Employment Litigation Section

cc: Chicago District Office, EEOC
    South Holland School District #150



RECEIVED AUG 20 2008

## Verification

I, SHERYL A. PHILLIPS, declare under penalty of perjury that the foregoing is true and correct.

Executed July 18, 2008.

*[signature: Sheryl A. Phillips]*

SHERYL A. PHILLIPS